IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL DONOVAN WALDE,

    Plaintiff,

v.                                            CASE NO. 1:21-cv-123-MW-GRJ

OFFICER JOSHUA MEURER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Officer Joshua Meurer's Motion to Dismiss Complaint and Strike Impertinent Material. ECF No. 7. Plaintiff, Paul Walde ("Walde"), has responded in opposition, ECF No. 12, so the motion is ripe for resolution. For the reasons discussed below, Defendant's motion to dismiss is due to be granted.

### I. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556, 127 S.Ct. at 1955). "While legal conclusions can provide the framework of the complaint, they must be supported by factual allegations." *Id*. at 679, 129 S.Ct. at 1950. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*., 127 S.Ct. at 1964 (citations omitted).

"The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co*., 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth*., 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc*., 116 F.3d 1364, 1369

(11th Cir. 1997) (*citing SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). This leniency, however, does not confer on *pro se* litigants "a right to receive special advantages not bestowed on other litigants." *Procup v. Strickland*, 760 F.2d 1107, 1115 (11th Cir. 1985). The *pro se* litigant must, for example, "abide by local rules governing the proper form of pleadings." *Id*. Further, "this leniency does not give a court license to serve as *de facto* counsel for a party… or to rewrite an otherwise deficient pleading in order to sustain an action." *GRJ Investments, Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (internal citations omitted).   In determining whether a *pro se* litigant has stated a claim, "the court ought not penalize the litigant for linguistic imprecision in the more plausible allegations," while keeping in mind that "wildly implausible allegations in the complaint should not be taken to be true." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## II. PLAINTIFF'S ALLEGATIONS

Accepting Walde's allegations in the Complaint as true, Walde alleges that during the evening of September 27, 2019, Walde was asleep in a car parked in the parking lot at his employer's place of business (Florida Concrete Recycling, Inc., 930 SW 3rd Street, Gainesville, Florida). ECF No. 1 at 4. At 11:44 p.m., Defendant Gainesville Police Officer Meurer approached the car, opened the passenger side front door, woke up Walde, and ordered Walde to produce some form of identification. *Id*. at 5. Walde refused to hand over his ID, asking instead what crime was being investigated and why he was being detained. *Id*. Officer Meurer allegedly threatened to arrest Walde if he did not produce some identification. *Id*. Walde then turned over his ID. *Id*. Walde offered to call his supervisor to establish that he was not trespassing on the company's property. *Id*. Officer Meurer ordered Walde not to call anyone and said that he was not investigating "any crimes of trespassing." ECF No. 1 at 5. After Walde's ID was "run," Officer Meurer discovered that Walde is a sex offender. *Id*. at 6.

Walde complains that Officer Meurer's investigation of Walde's criminal history, which uncovered that Walde was a sex offender, was illegally obtained because Meurer had no lawful reason for ordering him to produce his ID. *Id*. Further, Walde says that this night-time encounter

violated his Fourth Amendment rights because Meurer had "no legal reason to come onto private property" in the first place because Meurer did not have a warrant or probable cause. *Id*. at 6.

Five days after the night-time encounter, Officer Meurer arrested Walde at the same location at 4:15 p.m. *Id*. at 7.[1] According to Walde, the arrest was supported by a "made-up warrant" and a "deceiving report and investigation." *Id*. Walde was booked and spent fifty (50) days in jail. *Id*. The charges were thereafter dropped on November 21, 2019, because Walde's attorney was able to establish that Meurer's report supporting the arrest was false. *Id*.

For relief, Walde seeks the following damages against Meurer in his individual (personal) capacity: $10,000 for lost property; $100,000 for false imprisonment; $700,000 for pain and suffering; $5,000 in lost wages; $800,000 psychological damages; and $1 million for "loss of consortium."[2] *Id*. at 10.

---

[1] Walde does not provide any information about the arrest beyond the fact that it occurred and that the charges were later dropped.

[2] Walde alleges that he has "not been intimate since 10/2/2019". ECF No. 1 at 10.

### III.  DISCUSSION

Walde asserts that his Fourth Amendment rights were violated in two ways.  First, he alleges that Officer Meurer "illegally searched and seized" his personal identification without a warrant or probable cause.  Second, he alleges that Meurer supplied false information to support probable cause for an arrest warrant, resulting in Walde spending fifty (50) days in jail in violation of his constitutional rights.

A.  **Unconstitutional Search and Seizure.**

The Fourth Amendment, made applicable to the States by the Fourteenth, *Ker v. California,* 374 U.S. 23, 30, 83 S.Ct. 1623, 1628, 10 L.Ed.2d 726 (1963), provides in pertinent part that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. Amend. IV.  A "seizure" of property occurs when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen,* 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984).

In evaluating whether an officer's actions during a stop constituted a lawful intrusion or an unreasonable seizure, the court must evaluate whether the officer's action was justified at its inception and whether any

further detention was reasonably related in scope to the circumstances justifying the initial interference. *Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct. 1868, 1878, 20 L.Ed.2d 889 (1968).  For example, in a valid traffic stop, an officer can require a driver's license, insurance papers, and car registration, run a computer check, and issue a citation. *United States v. Pruitt*, 174 F.3d 1215, 1221 (11th Cir. 1999). Absent reasonable suspicion that another crime has been committed, however, the officer must release the person once the citation is issued. *Id*. *See also United States v. Garcia*, 284 F. App'x. 791, 794 (11th Cir. 2008) (per curiam) ("[A]n officer's actions during a traffic stop must be reasonably related in scope to the circumstances which justified the interference in the first place," and the stop "may not last any longer than necessary to process the traffic violation unless there is articulable suspicion of other illegal activity.") (internal quotation marks and citation omitted).

According to Walde, Officer Meurer approached him while he was asleep inside a parked car late at night in a parking lot of a commercial business and then asked Walde for identification.  Officer Meurer's approach to the vehicle and his request for Walde to show some form of ID did not trigger the Fourth Amendment and, therefore, the stop did not need to be based on any articulable suspicion.  *See Florida v. Bostick*, 501 U.S.

429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 (1991) ("[A] seizure does not occur simply because a police officer approaches an individual and asks a few questions."); *Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 1324, 75 L.Ed.2d 229 (1983) ("[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, [or] by putting questions to him if the person is willing to listen[.]").

According to Walde, once he produced his ID and offered to call his supervisor, the encounter with Officer Meurer ended.  Consequently, no Fourth Amendment violation occurred with respect either to Officer Meurer approaching the parked vehicle or Officer Meurer ordering Walde to produce his ID.  Consequently, as alleged, Officer Meurer did not violate the Fourth Amendment by questioning Walde or asking Walde to provide identification because no seizure occurred.  Therefore, the "search and seizure" claims against Officer Meurer are due to be dismissed with prejudice.

    **B.    False Arrest.**

In the Eleventh Circuit, false arrest is both a violation of the Fourth Amendment and a viable claim under Section 1983. *Ortega v. Christian,* 85

F.3d 1521, 1525-26 (11th Cir. 1996). A claim for false arrest arises when an arrest occurs without a warrant and without probable cause. *Brown v. City of Huntsville, Ala.,* 608 F.3d 724, 734 (11th Cir. 2010). To state a claim under Section 1983, a plaintiff must allege a warrantless arrest without probable cause.[3] *See Marx v. Gumbinner,* 905 F.2d 1503, 1505-06 (11th Cir. 1990). If an arrest is supported by probable cause, the arrestee is absolutely barred from pursuing a Section 1983 false arrest claim. *Id.* When an arrest warrant has been issued, a police officer is entitled to rely on the magistrate's probable cause determination, so long as that reliance is objectively reasonable. *See United States v. Leon,* 468 U.S. 897, 922, 104 S.Ct. 3405, 3420-21, 82 L.Ed.2d 677 (1984). To establish probable cause, a police officer has no duty to investigate every possible claim of innocence. *Rankin v. Evans,* 133 F.3d 1425, 1435-36 (11th Cir.1998).

However, "falsifying facts to establish probable cause is patently unconstitutional." *Kingsland v. City of Miami,* 382 F.3d 1220, 1232 (11th Cir. 2004). The law is well established that the U.S. Constitution prohibits a police officer from knowingly making false statements in an arrest affidavit about the probable cause for an arrest to detain a citizen and, thus,

---

[3] In this case, Walde does not allege a warrantless arrest without probable cause *per se*. Rather, he alleges that Officer Meurer presented false information to support probable cause that led to his unconstitutional arrest.

qualified immunity will not shield an officer from liability for false statements, if the false statements were necessary to establish probable cause. *Malley v. Briggs,* 475 U.S. 335, 344-45, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986); *Franks v. Delaware,* 438 U.S. 154, 165-71, 98 S.Ct. 2674, 2681, 57 L.Ed.2d 667 (1978) (setting forth the truthfulness requirements necessary to support a search warrant).

Thus, even if a magistrate judge approves an arrest warrant, the officer who applied for the warrant may be liable for violating the Constitution if the evidence presented to the judge was insufficient to establish probable cause. *Malley,* 475 U.S. 335, 345, 106 S.Ct. 1092, 1098, 89 L.Ed.2d 271 (1986). Under this standard, the question is not whether probable cause actually existed; rather, the question is whether the officer had "arguable" probable cause. *Von Stein v. Brescher,* 904 F.2d 572, 579 (11th Cir. 1990).

Specifically, the Eleventh Circuit has applied *Malley* to hold an officer liable where she secured an arrest warrant based on an affidavit that "articulate[d] neither the basis for her belief that [the suspect] violated the law nor any affirmative allegation that she had personal knowledge of the circumstances of [the] alleged crime." *Kelly v. Curtis,* 21 F.3d 1544, 1555 (11th Cir. 1994); *see also Garmon v. Lumpkin Cty.,* 878 F.2d 1406, 1408-09

(11th Cir. 1989) (holding an officer liable where the affidavit states only that the suspect "did ... commit the offense" because without "information providing the basis for the affiant's belief nor any affirmative allegation that the affiant had personal knowledge of the circumstances surrounding the alleged commission of the crime," the "conclusory assertion clearly is insufficient to establish probable cause." (citations omitted)).

Thus, to plausibly state a claim for false arrest, Walde's Complaint must allege facts showing (1) that Meurer falsely secured a warrant for Walde's arrest, or (2) that Meurer lacked arguable probable cause when he secured the warrant.  *See Carter v. Gore*, 557 F. App'x 904, 909 (11th Cir. 2014) (per curiam).

In his Complaint, Walde alleges that he did not commit the crime alleged; Officer Meurer arrested him on false charges; Walde was incarcerated for fifty (50) days on those charges; and the charges were later dropped because Walde's attorney established that Officer Meurer's report supporting the arrest was "false".  ECF No. 1 at 7.

For his Section 1983 "false arrest" claim to survive, Walde must allege facts to plausibly suggest that Officer Meurer "did not believe or appropriately accept as true" facts that established probable cause to arrest Walde. *Carter*, 557 F. App'x at 910.  This requires some factual allegations

establishing Meurer's subjective belief about the veracity of the assertions made in his affidavit. Notably, in this case, Walde says he has reviewed Officer Meurer's report, but he cites no specific portion of it as being false. ECF No. 1 at 7. Rather, Walde generally states that Officer Meurer "started to do a not so well investigation of [Walde] and made up a warrant to arrest with a report of half-truth in it… and a very deceiving report and investigation." ECF No. 1 at 7. Thus, Walde has offered no facts suggesting knowledge by Officer Meurer that his report was false. The only hint in the Complaint that Meurer provided false information is Walde's conclusory allegation that Officer Meurer "made up" a warrant. *Id*.

Additionally, Walde's Complaint is deficient because Walde fails to specify what evidence was presented to the magistrate judge that was supposedly fabricated. Likewise, the Complaint does not allege the crime for which Walde was arrested nor any information about the alleged fabrication of evidence. In short, Walde's claim that Officer Meurer's report in support of probable cause to arrest him was "made-up" and "false" alleges only conclusions and no facts to demonstrate that the claim is plausible.

Consequently, Walde's "false arrest" claim against Officer Meurer is due to be dismissed. Walde, however, should be given the opportunity to

amend his complaint because a *pro se* Plaintiff, like Walde, "[m]ust be given at least one opportunity to amend the complaint before the district court dismisses the action with prejudice … where a more carefully drafted complaint might state a claim." *Carter v. HSBC Mortgage Service, Inc.,* 622 F. App'x. 783, 786 (11th Cir. July 9, 2015).

In sum, Walde has no Fourth Amendment claim against Officer Meurer arising from the "search and seizure" of Walde's ID. Walde, however, should be permitted to amend his "false arrest" claims to cure the problems identified in this report and recommendation.

## IV.  CONCLUSION

In view of the above, the undersigned respectfully **RECOMMENDS** that Joshua Meurer's Motion to Dismiss Complaint and Strike Impertinent Material, ECF No. 7, should be **GRANTED.** The "search and seizure" claims against Officer Meurer are due to be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, but the Court should afford Walde an opportunity to amend his "false arrest claims" if

Walde wishes to do so.

**IN CHAMBERS** in Gainesville, Florida this 29th day of March 2022.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.