IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PAUL DONOVAN WALDE,

   *Plaintiff*,

v.                                            Case No.: 1:21cv123-MW/GRJ

OFFICER JOSHUA MEURER,

   *Defendant.*
_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation. ECF No. 23. This Court accepts the recommendation insofar as it recommends dismissal without prejudice as to Plaintiff's "false arrest claims." However, this Court rejects the recommendation to dismiss with prejudice Plaintiff's "search and seizure" claims. This is so, because, construing Plaintiff's complaint in the light most favorable to him and taking his factual allegations therein as true, Plaintiff has plausibly alleged that an illegal seizure occurred when Defendant "open[ed] the Plaintiff['s] passenger door of vehic[le] [and] ordered Plaintiff to show ID." *See* ECF No. 1 at 5.

To be clear, this Court agrees with the Magistrate Judge that during traffic stops, officers can require a driver's license to run a check, and that officers can

engage in consensual encounters with individuals—even individuals in cars—by approaching them in public to ask questions. However, this Court does not agree that, when construing Plaintiff's allegations as true and all inferences therefrom in the light most favorable to him, Defendant's alleged action of opening the car door while Plaintiff was asleep in the car did not amount to an unreasonable search and seizure.

Other courts have considered analogous facts and recognized that an officer's decision to open someone's car door arguably amounts to a seizure in some circumstances. *See United States v. Brown*, 334 F.3d 1161, 1169 (D.C. Cir. 2003) (concluding that, although the "opening of the car door constituted both a stop and a search for *Terry* purposes," officers did not violate Fourth Amendment, but noting that "we do not suggest that whenever the police approach a car in the course of investigating a shooting late at night . . . the police may intrude on the personal security of the occupant of a car based on a person's mere presence in a high-crime neighborhood"); *United States v. Mestre*, 362 F. Supp. 3d 1175, 1180 (M.D. Ala. 2019) ("The court finds that the seizure occurred the moment Officer Hughes opened the car door and began asking Defendants questions."); *United States v. Greene*, 2020 WL 2747281, 5:19cr153-GFVT-MAS, *2 (E.D. Ken. May 27, 2020) (noting that while the Government conceded the officer's "action of opening the driver side door constituted at least a seizure, if not also a search," the action was reasonable

under the "community-caretaker exception to the Fourth Amendment's warrant requirement"); *United States v. Parker*, No. 3:09-CR-148 JD, 2010 WL 2943649, *5–*6 (N.D. Ind. July 21, 2010) (explaining that officers who opened car doors effected a seizure of the defendant, however the seizure as reasonable in light of the totality of the circumstances). In so stating, this Court recognizes that this is merely the motion-to-dismiss stage, and the record may develop further in this case shedding light on the reasonableness of Defendant's actions, particularly with respect to any exceptions to the Fourth Amendment's warrant requirement, such as the community-caretaking exception. But at this juncture, and upon consideration, no objections having been filed by the parties,

**IT IS ORDERED:**

The report and recommendation, ECF No. 23, is **accepted in part and rejected in part**. Defendant's motion to dismiss, ECF No. 7, is **GRANTED in part** and **DENIED in part**. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend on or before Thursday, May 12, 2022. This case is remanded to the Magistrate Judge for all further proceedings.

**SO ORDERED on April 21, 2022.**

s/Mark E. Walker
**Chief United States District Judge**
